IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[1] STEVEN MICHAEL RODRIGUEZ,**<br>Defendant. | | CRIMINAL NO. 13-866 (DRD) |

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(A) & (B))



TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, José A. Ruiz-Santiago, Assistant United States Attorney and Chief, Criminal Division, Jose Capo-Iriarte, Assistant United States Attorney and Chief, Violent Crimes Unit, and Luke Cass, Assistant United States Attorney, along with defendant Steven Michael Rodriguez, and his counsel, Jose F. Irizarry-Perez, Esq., and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) & (B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

**Count Nine:**

On or about the 3rd day of May, 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, Steven Michael Rodriguez, the defendant herein, aiding and abetting another, by force, violence, and intimidation did take from the person or presence of another,

1

Plea & Forfeiture Agreement                                                                                          Page 2
United States v. Steven Michael Rodriguez

approximately $18,285.00, belonging to and in the care, custody, control, management and possession of Banco Santander Puerto Rico, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, the defendant, aiding and abetting another, did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm, in violation of Title 18, United States Code, Section 2113(a), and Title 18, United States Code, Section 2.

**Count Ten:**

On or about the 3rd day of May, 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, Steven Michael Rodriguez, the defendant herein, aiding and abetting another, did use and carry firearms, to wit, two (2) Glock pistols, Caliber .40, Model 23, loaded with magazines and ammunition of its own caliber, during and in relation to a crime of violence, as charged in Count Nine of this Indictment for which he may be prosecuted in a court of the United States, that is, the bank robbery charged in Count Nine in violation of Title 18, United States Code, Section 2113(a). All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), and Title 18, United States Code, Section 2.

2.   **MAXIMUM PENALTIES**

Pursuant to 18 U.S.C. § 2113(a), the maximum penalty for Count Nine of the Indictment, a Class B felony under 18 U.S.C. § 3559(a)(2), is a maximum term of twenty years of imprisonment. Pursuant to 18 U.S.C. § 924(c)(1)(A)(i), the penalty range for Count Ten of the Indictment, a Class A felony under 18 U.S.C. § 3559(a)(1), is a minimum term of imprisonment of five (5) years and a maximum term of life imprisonment. See United States v. Ortiz-Garcia,

Plea & Forfeiture Agreement  Page 3
United States v. Steven Michael Rodriguez

665 F.3d 279, 283 (1st Cir. 2011). A fine of up to two-hundred and fifty thousand dollars ($250,000.00) may be imposed pursuant to 18 U.S.C. § 3571(b)(3) for each count. A supervised release term of not more than five (5) years may be imposed under 18 U.S.C. § 3583(b)(1) for each count. A Special Monetary Assessment of one hundred dollars ($100.00) shall be imposed pursuant to 18 U.S.C. § 3013(a)(2)(A) for each count.

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18, United States Code, § 3551, et seq. (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges and is aware that parole has been abolished and the imposition of sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund pursuant to 18 U.S.C. § 3013(a)(2)(A). Here, there are two counts, therefore, defendant shall pay $200.00.

5. **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.



Plea & Forfeiture Agreement  Page 4
United States v. Steven Michael Rodriguez

### 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>. Further, defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. <u>See</u> Fed. R. Crim. P. 11(c)(3)(B).

### 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the cases of <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. After consideration of all factors in 18 U.S.C. § 3553(a), the United States and defendant agree that pursuant to U.S.S.G. § 2K2.4(b), a defendant that is convicted of violating 18 U.S.C. § 924(c)(1)(A), has a guideline sentence equal to the minimum term of imprisonment required by statute. Pursuant to 18 U.S.C.

4

Plea & Forfeiture Agreement                                               Page 5
United States v. Steven Michael Rodriguez

§ 924(c)(1)(A)(i), there is a minimum term of five (5) years of imprisonment in this case for Count Ten to be served consecutively to Count Nine. After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and defendant submit the following advisory Guideline calculations for Count Nine:

| GUIDELINES CALCULATION 18 U.S.C. § 2113(a) ||
|---|---|
| **GUIDELINES SECTION** | |
| Base Offense Level (U.S.S.G § 2B1.1) | 7 |
| Loss over $10,000 (U.S.S.G § 2B1.1(b)(1)(C)) | +4 |
| Acceptance of Responsibility (U.S.S.G. § 3E1.1) | -2 |
| **ADJUSTED OFFENSE LEVEL** | 9 |
| **POTENTIAL GUIDELINE RANGES** (*If Criminal History Category I applies*) | 4-10 months |

8.   **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for defendant.

9.   **SENTENCE RECOMMENDATION**

After due consideration of the factors set forth in 18 U.S.C. § 3553(a), the parties agree that it will recommend a sentence of 6 months for Count Nine and 60 months for Count Ten to be served consecutively for a total sentence of 66 months.

Plea & Forfeiture Agreement                                          Page 6
United States v. Steven Michael Rodriguez

### 10. WAIVER OF APPEAL

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provision of this Plea Agreement.

### 11. NO FURTHER ADJUSTMENTS OR DEPARTURES



The United States and defendant agree that no further adjustments or departures to defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by defendant. The parties agree that any request by defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, Jose F. Irizarry-Perez, Esq., and states that counsel has rendered effective legal assistance.

### 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

- A. If defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if defendant, the United States and the judge agree.
- B. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and defendant's attorney would assist in selecting the jurors by

removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, that it could not convict defendant unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

C. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established defendant's guilt beyond a reasonable doubt.

D. At a trial, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

E. At a trial, defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from defendant's refusal to testify. If defendant desired to do so, defendant could testify on his behalf.

**14.    STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and that the United States would have proven those facts beyond a reasonable doubt at trial.

**15.    FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): two (2) Glock pistols, Caliber .40, Model 23. Defendant acknowledges that he possessed the Property

Plea & Forfeiture Agreement  
United States v. Steven Michael Rodriguez  
Page 8

in violation of 18 U.S.C. § 924(c)(1)(A), as set forth in Count Ten of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

### 16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and defendant. It does not bind any other federal district, state, or local authorities.

### 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, defendant, and defense counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and deny the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms, or conditions will be entered unless in writing and signed by all parties.

### 19. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily and only because he is guilty.

### 20. DISMISSAL OF REMAINING COUNTS

All remaining counts of the Indictment will be dismissed after sentencing.



Plea & Forfeiture Agreement                                                                 Page 9
United States v. Steven Michael Rodriguez

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____          _____
José Ruiz-Santiago                                Jose Capo-Iriarte
Assistant U.S. Attorney                         Assistant U.S. Attorney
Chief, Criminal Division                        Chief, Violent Crimes Unit
Dated: 1/16/15                                      Dated: 1/16/15

_____          _____
Luke Cass                                              Jose F. Irizarry-Perez, Esq.
Assistant U.S. Attorney                         Counsel for Defendant
Dated: 1-15-15                                     Dated: Feb 23, 2015

                                                          _____
                                                          Steven Michael Rodriguez
                                                          Defendant
                                                          Dated: feb 23, 2015

Plea & Forfeiture Agreement Page 10
United States v. Steven Michael Rodriguez

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Superseding Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: Feb 23, 2015 _____
 Steven Michael Rodriguez
 Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Superseding Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently, and with full knowledge of all consequences of defendant's plea of guilty.

Date: Feb. 23, 2015 _____
 Jose F. Irizarry-Perez
 Counsel for Defendant

Plea & Forfeiture Agreement                                                                                                  Page 11
United States v. Steven Michael Rodriguez

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and defendant Steven Michael Rodriguez agree that the following recital provides a true and accurate summary of the facts leading to defendant's acceptance of criminal responsibility for his violations of 18 U.S.C. §§ 2113(a) and 924(c)(1)(A)(i).

On or about May 3, 2012, Steven Michael Rodriguez, aiding and abetting another, robbed a Banco Santander de Puerto Rico branch in Caguas, Puerto Rico. On May 3, 2012, Banco Santander de Puerto Rico was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC).

Defendant, aiding and abetting another individual and using force, violence, and intimidation, did take from the person or presence of Banco Santander customers and employees, approximately $18,285.00, belonging to and in the care, custody, control, management and possession of Banco Santander Puerto Rico, the deposits of which were then insured by the FDIC, in violation of Title 18, United States Code, Sections 2113(a), and Title 18, United States Code, Section 2.

Steven Michael Rodriguez, aiding and abetting another, did knowingly use and carry firearms, as that term is defined in Title 18, United States Code, Section 921(a)(3), that are, two loaded (2) Glock pistols, Caliber .40, Model 23, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the bank robbery charged in Count Nine in violation of Title 18, United States Code, Sections 2113(a). All in violation of

Plea & Forfeiture Agreement                                              Page 12
United States v. Steven Michael Rodriguez

Title 18, United States Code, Section 924(c)(1)(A)(i). Steven Michael Rodriguez ~~strikes that he~~ was not the mastermind of this bank robbery and ~~that~~ it was not his idea. *JC*

*S.R.*

At trial, the United States would have proven beyond a reasonable doubt that defendant is guilty as charged of Counts Nine and Ten of the Indictment by physical and documentary evidence, including, but not limited to testimony, photographs, videos, documents, statements, and other physical evidence. Discovery was timely made available to defendant for review.

_____            _____
Jose F. Irizarry-Perez                      Steven Michael Rodriguez
Counsel for Defendant                       Defendant
Dated: Feb. 23, 2015                        Dated: Feb 23, 2015

12